■ NINA ALTMAN, Respondent, v JOHN B. M. PLACE et al., Appellants, et al., Defendants.—Orders, Supreme Court, New York County, entered January 18, 1978, denying defendants' motions to dismiss the complaint for failure to state a cause of action and failure to comply with the requirements of subdivision (c) of section 626 of the Business Corporation Law, are modified, on the law, to the extent that the motion of defendant IU International Corporation pursuant to CPLR 3211 (subd [a], par 7) to dismiss the complaint as against said defendant for failure to state a cause of action is granted and the complaint is dismissed as against said defendant, without prejudice to an application by plaintiff to Special Term, within 20 days after service of a copy of the order to be entered hereon, with notice of entry, for leave to replead pursuant to CPLR 3211 (subd [e]), and the orders are otherwise affirmed, without costs and without disbursements. There is no showing of any breach by defendant IU International Corp. of any duty owed to the plaintiff, a stockholder of the Anaconda Company, or to Anaconda, in connection with the sale by IU International Corp. of one of its subsidiaries to Anaconda at an allegedly grossly excessive price. We think, however, that for purposes of pleading, the complaint sufficiently alleges as against the directors and officers of Anaconda that they entered into the transaction not in the exercise of business judgment but for the purpose of benefiting themselves personally and that it would be futile to demand that such directors and officers bring this suit. The fact that, over a year after the suit was instituted, the directors changed, did not require plaintiff to serve a new demand. All concur except Fein and Sandler, JJ., who dissent in part and would affirm the orders *in toto* including the denial of the motion to dismiss by IU International, and Lane and Yesawich, JJ., who dissent in part and would reverse the orders appealed from, on the law, *in toto* and grant the motions to dismiss by all defendants for the reason

that the complaint does not contain sufficient factual allegations to take the case out of the business judgment rule, without prejudice to an application by plaintiff to Special Term for leave to replead pursuant to CPLR 3211 (subd [e]). Present—Silverman, J. P., Fein, Lane, Yesawich and Sandler, JJ.